**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| QUINTIS TRAVON SPRUIELL, | ) | |
| | ) | **ORDER,** |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| SUPT. CARLTON JOYNER, | ) | 1:10CV942 |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's motion for summary judgment (docket no. 5) and Respondent's motion to amend that motion to add a further argument (docket no. 8).  The motion to amend will be granted.  Pro se Petitioner Quintis Spruiell has responded to the amended summary judgment motion (docket no. 11), and the matter is ripe for disposition.  The parties have not consented to the jurisdiction of the magistrate judge, and the motion must therefore be dealt with by way of recommendation.  For the following reasons, it will be recommended that the court grant Respondent's motion for summary judgment.

## I. BACKGROUND

Petitioner was convicted after a jury trial in the Superior Court of Lee County of first-degree murder, felonious possession of a firearm by a convicted felon, and discharging a firearm into occupied property in cases 05 CRS 54493, -54506, and 08 CRS 261.  Judgment was arrested on the discharging a firearm charge because the first-degree murder conviction was based on the felony murder rule.  Petitioner

was sentenced to life without parole on the murder conviction and 15-18 months on the felon in possession conviction. Petitioner did file a direct appeal, but this was denied by the North Carolina Court of Appeals, as was a petition for discretionary review to the North Carolina Supreme Court. *State v. Spruiell*, 197 N.C. App. 232, 676 S.E.2d 669, 2009 WL 1383399 (unpublished), *rev. denied*, 363 N.C. 588, 684 S.E.2d 38 (2009). Petitioner sought no further relief in the state courts, but instead filed his habeas petition in this court.

The basic facts underlying Petitioner's convictions were set out on appeal and are as follows:

> Quintis Travon Spruiell (Defendant) was found guilty by a jury of the first-degree murder of Ricardo Ernesto Sanchez Zelaya (Sanchez), felonious possession of a firearm by a convicted felon, and felonious discharge of a weapon into occupied property on 6 February 2008.

> . . . .

> At trial, the State presented the following evidence. Jose Lopez (Lopez) testified that Sanchez called him to pick Sanchez up from a store in Sanford and drive Sanchez to a nearby car wash on 1 November 2005. Lopez knew that Sanchez intended to sell drugs at the car wash. Once Lopez and Sanchez arrived at the car wash, Lopez remained in the driver's seat and Sanchez sat in the back seat on the passenger side of the vehicle. Sanchez called Defendant over to the vehicle. Lopez saw Defendant holding a black revolver. Defendant and Sanchez argued and Defendant shot Sanchez in the stomach "through the window" of Lopez's vehicle. Defendant was also shot during the altercation.

> Lopez drove back to the store where he had picked up Sanchez to pick up Sanchez's girlfriend. Lopez drove Sanchez and his girlfriend to a hospital. On the way to the hospital, Lopez threw out Sanchez's gun. After leaving Sanchez and his girlfriend at the hospital, Lopez

noticed some shell casings inside his vehicle. Lopez threw the shell casings into the grass. Sanchez later died at the hospital.

The forensic pathologist who performed Sanchez's autopsy testified that a gunshot wound to the right side of Sanchez's abdomen was the cause of death. The bullet removed from Sanchez's body was a .38 caliber. Defendant did not present any evidence.

*Id.* at *1.

## II. CLAIMS

Petitioner raises the following claims in his petition:

(1) "Conviction obtained by denial of defendant's right to present evidence in his own defense." He explains that the trial court erred by excluding from evidence statements made by Petitioner to the police and reduced to writing shortly after the shooting (docket no. 1, § 12, Ground One).

(2) "Conviction obtained by action of the grand jury that issued the indictment &/or the trial jury that entered the guilty verdict was unconstitutionally selected, impaneled, & constituted." (*Id.,* Ground Two.)

(3) The trial court erred in denying Petitioner's request for a self-defense instruction with respect to the charge of firing a firearm into occupied property (*id.*).[1]

---

[1] Claim Two was raised in the appropriate section in the petition for that claim. However, where Petitioner should have listed the supporting facts for that claim, he instead set out what the court has labeled as Claim Three. These are obviously separate claims and will be treated as such.

(4)   "Trial court erred in denying motion to dismiss as state's evidence was insufficient to prove guilt beyond a reasonable doubt, defendant denied due process of law & a fair trial."  (*Id.,* Ground Three.)

(5)  The jury was misled because it was given incorrect instructions mixed with incorrect instructions on the question of self-defense as to the charge of shooting into occupied property (*id.*).[2]

(6) "Prosecutorial & Judicial Misconduct."  Petitioner explains that the trial court erred in overruling a defense objection to the State's use of a witness' prior statement after the witness contradicted that statement on direct examination.  He complains that the state was improperly allowed to impeach its own witness (*id.*, Ground Four).

## III. DISCUSSION

### A. Claim One

Petitioner's first claim for relief alleges that the trial court erred in excluding from evidence the statements he gave to police shortly after the shooting. Respondent argues that this claim is unexhausted and procedurally barred because Petitioner did not raise the claim in his petition for discretionary review to the North Carolina Supreme Court.

In order to exhaust his state court remedies, Petitioner must allow "'the State the opportunity to pass upon and correct alleged violations of its prisoners' federal

---

[2]  Again, Petitioner has presented two claims as one.  Claims Four and Five are set out as the claim and supporting facts for Ground Three in the petition.  They will also be treated separately.

rights'" by "'"fairly present[ing]" his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim.'"  *Jones v. Sussex I State Prison*, 591 F.3d 707, 712 (4th Cir. 2010) (citing and quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)) (internal ellipses omitted).  He also "must raise his claim before every available state court, including those courts . . . whose review is discretionary."  *Id.* at 713 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999)).  Here, Petitioner did not do this because he did not raise his claim in his petition for discretionary review.  If Petitioner now returned to state court to exhaust his claim through the filing of a motion for appropriate relief, he would be procedurally barred by N.C. GEN. STAT. §15A-1419(a)(1), (a)(3), and (b).  This also means that his claim is procedurally barred from review in this court.  *O'Sullivan*, 526 U.S. at 848.

A petitioner may overcome the procedural default bar by showing cause for the default and actual prejudice resulting from the asserted constitutional error. *Coleman v. Thompson*, 501 U.S. 722, 750; *see also Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001).  To demonstrate "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." *McCarver v. Lee*, 221 F.3d 583, 591 (4th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).  To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Id.* at 592 (quoting *United States v. Frady*, 456 U.S. 152,

170 (1982)).  In his reply brief, Petitioner makes a passing and conclusory reference to ineffective assistance by trial and appellate counsel being the cause of the failure to exhaust.  He also mentions that the procedural bar is not entirely inflexible.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations.  *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).  A petitioner bears the burden of affirmatively showing deficient performance.  *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994).  To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.

Claims that appellate counsel provided ineffective assistance of counsel are judged using these same standards.  *See Lawrence v. Branker*, 517 F.3d 700, 708-09 (4th Cir.), *cert. denied*, 129 S. Ct. 162 (2008).  Also, appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant.  *Jones v. Barnes*, 463 U.S. 745 (1983); *see also Smith v. Murray*, 477 U.S. 527 (1986); *Evans*

*v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. *Jones*, 463 U.S. at 751-52. Prejudice can be shown by demonstrating that "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000)(quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2<sup>d</sup> Cir. 1994)).

Here, as Respondent points out, "[i]t is a long standing rule under North Carolina law that self-serving, out-of-court statements by defendants are inadmissible." (Docket No. 6 at 4 (citing *State v. Jackson*, 340 N.C. 301, 319, 457 S.E.2d 862, 873 (1995); *State v. Taylor*, 280 N.C. 273, 281, 185 S.E.2d 677, 683 (1972); *State v. Trippett*, 270 N.C. 588, 597, 155 S.E.2d 269, 276 (1967)).) Therefore, the trial court's ruling was not error under state law. Further, Petitioner has not demonstrated that this rule runs afoul of federal law. *See United States v. Wilkerson*, 84 F.3d 692, 696-97 (4th Cir. 1996) (upholding exclusion of exculpatory statements made by a defendant to law enforcement). This means counsel did not err in failing to pursue this claim and could not have prejudiced Petitioner. It also means that Petitioner could not prevail on the merits in this proceeding even if the procedural bar did not apply. This claim should be denied because it is procedurally barred and, alternatively, meritless.

**B. Claim Two**

Petitioner's second claim is that the grand jury and petit jury in his case were somehow improperly empaneled or constituted. His claim is entirely conclusory and can be denied on that basis alone. *See Nickerson.* Further, this claim was not raised at all by Petitioner in the state courts. It is, therefore, unexhausted and procedurally barred. It should also be denied for this reason. *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).

**C. Claim Three**

Petitioner's third claim states that the trial court erred by failing to instruct the jury that self-defense applied to the discharging a firearm into occupied property charge. The subject matter of this claim was raised on direct appeal and in the petition for discretionary review. Nevertheless, this court still cannot grant relief on the claim because it was never raised in federal constitutional terms and is, therefore, unexhausted. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (raising an evidentiary claim as a violation of state law is not sufficient to exhaust a federal claim for habeas review). To the extent that Petitioner could seek to now return to state court and exhaust the claim, it is procedurally barred just as Petitioner's other claims are. The claim should be denied for that reason.

**D. Claim Four**

Petitioner's next claim is that the trial court erred in denying his motion to dismiss based on insufficient evidence. This claim too was not raised on direct

appeal or in the petition for discretionary review. Therefore, it is not exhausted and procedurally barred. As to this claim, Petitioner again attempts to evade the procedural bar by citing to ineffective assistance of counsel in his reply brief (docket no. 10 at 4).

It was not ineffective assistance of counsel for Petitioner's attorneys to fail to pursue this claim on appeal because any claim of insufficient evidence was obviously a weak one. Under North Carolina law a motion based on insufficient evidence cannot succeed if there is substantial evidence as to the existence of each element of the offense and that the defendant was the perpetrator of the offense. Evidence is judged "'in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.'" *State v. Hunt*, ___ S.E.2d ____, 2011 WL 1648113 at *3 (N.C. App. 2011) (quoting *State v. Fritsch*, 351 N.C. 373, 378–79, 526 S.E.2d 451, 455 (2000)). As for the elements of Petitioner's charges, to prove first-degree murder under the felony-murder rule, the State would have had to show that Petitioner killed Sanchez while firing into occupied property. *State v. Bunch*, 363 N.C. 841, 846-47, 689 S.E.2d 866, 870 (2010); N.C. GEN. STAT. § 14-17 (enumerating felonies that will support a felony-murder conviction for first-degree murder). In order to find Petitioner guilty of discharging a firearm into occupied property, in this case an automobile, there had to be evidence that he "knew the automobile was occupied or had reasonable grounds to believe the

automobile was occupied" and that he willfully or wantonly discharged a firearm into it. *State v. James*, 342 N.C. 589, 595-96, 466 S.E.2d 710, 714 (1996). Finally, as to the possession of a firearm by a convicted felon charge, the State needed to show that Petitioner "'was previously convicted of a felony; and (2) thereafter possessed a firearm.'" *State v. McNeil*, ___ S.E.2d ___, 2011 WL 695941 at *5 (N.C. App. 2011) (quoting *State v. Wood*, 185 N.C. App. 227, 235, 647 S.E.2d 679, 686 (2007)). As set out in facts of the North Carolina Court of Appeals' opinion quoted above, there was clearly substantial evidence to find each of the elements of the murder and discharging a firearm charges. Petitioner knew that Sanchez was in the car; Petitioner fired a gun into the car after a brief argument with Sanchez, and Sanchez died from the resulting gunshot wounds. Furthermore, Petitioner had a prior felony conviction for felony possession of stolen goods (docket no. 10, ex. 10 at 566-68). Any attempt at raising an insufficiency claim would have been fruitless and frivolous. It is not surprising that Petitioner's defense attorneys "winnowed" this claim out on appeal. He cannot show the prejudice necessary to evade the procedural bar as to this claim.[3]

---

[3] Again, even if considered on the merits, this claim would fail. Insufficiency of the evidence claims are evaluated on federal habeas review under standards that are similar to, and at least as stringent as, those that would have been used to evaluate an insufficiency claim in state court. *Jackson v. Virginia*, 443 U.S. 307 (1979). Therefore, this claim should alternatively be denied on the merits.

### E. Claim Five

In what amounts to his fifth claim for relief, Petitioner contends that the jury was misled because it was not given a self-defense instruction specifically in conjunction with the discharging a firearm charge. This is nothing more than a slight alteration of his third claim. As already discussed, the jury instruction issue was not exhausted because it was not raised in federal constitutional terms in the state court. This claim is procedurally barred for the same reasons as the third claim.

### F. Claim Six

The sixth, and final, claim raised by Petitioner is one of prosecutorial and judicial misconduct. Petitioner argues that the trial court erred when it overruled a defense objection to the State's use of a witness statement that contradicted the testimony its witness had given on direct examination. He claims that this impermissibly allowed the state to impeach its own witness in violation of his state and federal rights. As with the other claims, this claim was not exhausted and is, therefore, procedurally barred. The claim was raised as an assignment of error in the filing of Petitioner's direct appeal; however, appellate counsel did not brief the claim; and it was deemed to be abandoned by the North Carolina Court of Appeals. The claim was not raised on appeal and cannot be considered by this court. *See Daniels v. Lee*, 316 F.3d 477, 487 (4th Cir. 2003) (claim subject to procedural bar where it was not preserved for direct appeal and adjudicated on the merits).

Petitioner does not appear to argue cause and prejudice as to this claim, but no grounds for excusing the procedural bar exist in any event. This claim should be denied.

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion to amend (docket no. 8) is **GRANTED**.

**IT IS RECOMMENDED** that Respondent's motion summary judgment (docket no. 5), as amended, be **GRANTED** and the petition be **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
June 2, 2011